UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES INGRAM,   Case No. 2:15-cv-11074

　　Petitioner,   Hon David M. Lawson

v.   Mag. David R. Grand

JOSEPH BARRETT,

　　Respondent.

FILED
DEC - 5 2017
CLERK'S OFFICE
DETROIT

Asst. Gen. Bruce H. Edwards   Charles Ingram#825646
Criminal Appellate Division   Cooper Street Corr. Facility
P.O.Box 30217   3100 Cooper St.
Lansing, Michigan 48909   Jackson, Michigan 49201

## MOTION FOR APPELLATE BOND

NOW COMES, Charles Ingram, herein after known as the Petitioner, moves this Honorable Court pursuant to, 18 U.S.C. §3143[b], and in further support state:

1. Again, per court rule, Petitioner must file this motion before the Federal District Court. See e.g., U.S. v. Hochevar, 214 F.3d 342,342 [2nd Cir. 2000][per curiam].

2. Said court must rule on the instant Motion promptly. See:e.g., U.S. v. Fisher, 33 F.3d 481, 487 [10th Cir.1995]; U.S. v Hart, 779 F2d. 575,576-577[10th cir. 1985] indeed it is the duty of this Court pursuant to § 1345[c] and Fed. R. App. P. 9[b].

3. Please note that the instant pending appeal has great merit applicable to each and every issue so raised, and Petitioner is more than likely to prevail thereon."

4. Please note: prior to trial in this case, Petitioner remained out on bond for 3½ years, absent so much as an attempt to abscond, kept all court

1.

all court appearances absent delay.

5. Petitioner does not pose a flight risk neither do he pose a threat to the community."

6. Not attempting to relitigate this matter via said motion, but, theres evidence which shows that the alleged victim subsequent to this case, falsified complaints applicable to rape and pregnancy...same of which the prosecution knew of but intentionally failed to apprised Petitioner or the overall Defense."

Additionally, she immediately told her Father's Girlfriend not to apprise her father or he may become mad at Petitioner...once this Court thoroughly read the record it will not find her actions to be that of a rape victim."

Your honors, Petitioner has admitted to having had sexual intercourse with the alleged victim, only it was with mutual consent.

7. Furthermore, contrary to what opposing counsel argues, trial Judge instruction to the jury was tantamount to directing a verdict of guilt even in the absent of such. Having told the jury even if the jury did not agree unanimously regarding Petitioner's guilt applicable to all charges or each and every element, they could still return a verdict of guilt. See: In re; Winship. Counsel argument hererin: The only remedy relating to ineffective assistance of counsel of direct appeal is to reinstate one's appeal of right, is simply not true. This Court can also issue the writ based thereon as substantive relief."

So overall, Petitioner herein stands a good chance of prevailing on the merits of this case.

2.

SUMMARY AND RELIEF REQUESTED:

WHERFEORE, based upon all of what is articulated herein, Petitioner prays that this Court both entertain, and Grant the Instant Motion/Application Ordering Petitioner released per bond forthwith."

Respectfully Submitted,

/s/ Charles Ingram

3.

Prisoner Name: Charles Ingram
Prisoner Number: 625646
COOPER STREET CORRECTIONAL FACILITY
3100 Cooper Street
Jackson, Michigan 49201

U.S. POSTAGE PITNEY BOWES
$ 000.67⁰
ZP 49201
0003441 07 NOV 30 20

Honorable: David M. Lawson, Magistrate Jude David R. Grand
U.S District Court, Eastern District Of Michigan
Theodore Levin United States Courthouse
231 W. Lafayette Blvd. Detroit, Mi. 48226

RECEIVED
DEC -5 2017
CLERK'S OFFICE
U.S. DISTRICT COURT