UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES DEXTER INGRAM,

        Petitioner,                           Case Number: 15-11074

v.                                                 Honorable David M. Lawson

JOE BARRETT,

        Respondent.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND
## TIME FOR FILING NOTICE OF APPEAL

On August 13, 2019, the Court issued an order denying the petitioner's motion for reconsideration of its opinion and judgment denying his petition for a writ of habeas corpus. The matter now is before the Court on the petitioner's motion to extend the time for filing a notice of appeal from the judgment. The Court has considered the motion to extend and finds that it was filed within the appropriate time and should be granted.

The Court issued its judgment denying the petition on July 19, 2019. "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). However, the time limit under Rule 4(a)(1)(A) is tolled where the petitioner has filed one of several types of motions enumerated in Rule 4(a)(4)(A), including a motion to alter or amend the judgment under Rule 59. Fed. R. App. P. 4(a)(4)(A)(iv). On July 30, 2019, the petitioner filed a motion for reconsideration of the judgment denying his petition. "Motions for reconsideration of a judgment are construed as motions to alter or amend the judgment and are time tolling for the purposes of Rule 4(a)(4)." *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). The petitioner's motion for reconsideration was

timely filed, and thus the time for filing a notice of appeal from the judgment did not begin to run until the Court issued its order denying that motion on August 13, 2019.

"The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). However, "[n]o extension under . . . Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). The petitioner's motion to extend the time to appeal effectively was filed on September 9, 2019, which was the date when he signed and dated his motion. *United States v. Smotherman*, 838 F.3d 736, 737 (6th Cir. 2016) (noting that under the "prison mailbox rule" papers submitted to the Court by a prisoner proceeding without counsel are "deemed 'filed at the time [prisoner] delivered [them] to the prison authorities for forwarding to the court clerk.'" (quoting *Houston v. Lack*, 487 U.S. 266, 276 (1988)). The motion to extend was presented within the 30-day initial window for filing an appeal, and it therefore was timely under Rule 4(a)(5)(A). The motion does not specify the grounds on which the extension is sought, but the Court will presume that the petitioner desires additional time to consider the rulings of the Court and formulate grounds for an appeal, and the Court therefore finds that the petitioner has shown good cause for the requested extension. The time will be extended to the maximum extent permitted, which is 30 days beyond the initial deadline under Rule 4(a)(1). Fed. R. App. P. 4(a)(5)(C).

However, the Court advises the petitioner that, because the maximum extension permitted by law has been granted, no further extension of the appeal deadline will be allowed.

- 3 -

Accordingly, it is **ORDERED** that the petitioner's motion to extend the time for filing a notice of appeal (ECF No. 25) is **GRANTED**.

It is further **ORDERED** that if the petitioner wants to file a notice of appeal of the judgment denying his petition, then he must do so **on or before October 14, 2019**. **No further extensions of the deadline for filing a notice of appeal will be granted.**

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date:  September 23, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on September 23, 2019.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI

---